Filed 2/18/16  P. v. Allan CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>EDWARD DANIEL ALLAN,<br><br>Defendant and Appellant. | B262611<br><br>(Los Angeles County<br>Super. Ct. No. YA088339) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Steven R. Van Sicklen, Judge.  Affirmed.

Stephen M. Hinkle, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, and Idan Ivri, Deputy Attorney General, for Plaintiff and Respondent.

_____

Edward Allan pleaded no contest to one count of felony reckless driving causing injury (Veh. Code, § 23105, subd. (a)) and admitted personally inflicting great bodily injury on the victim (Pen. Code, § 12022.7, subd. (a)).[1] He was sentenced to an aggregate term of six years in state prison, consisting of the high term of three years, plus an additional three years for the great bodily injury enhancement.

Appellant appeals the sentence, contending the trial court abused its discretion by using the facts underlying the enhancement to impose the upper term for the offense, and then imposing an additional term for the enhancement, resulting in an improper dual use of facts. We disagree and affirm.

### FACTUAL BACKGROUND

On August 28, 2013, approximately 6:30 p.m., Maximiano Rocha was driving to work when he was struck from behind by a gray Toyota driven by appellant. Appellant fled the scene, driving approximately 60 miles per hour and running stop signs as Rocha followed. When the Toyota turned down a dead-end alley, Rocha noted its license number.

Rocha saw the Toyota reverse to exit the alley. As the vehicle backed up, it struck a 10-year-old boy wearing a karate uniform who had just stepped out of the building. The impact pushed the child against the building, and a light broke off the Toyota. Appellant drove away without stopping or attempting to render aid.

The child suffered a major laceration and an avulsion to his right leg, from the buttocks to the ankle. At the time of the preliminary hearing, the boy had undergone five surgeries, including major skin grafts, and was scheduled for six weeks of hospitalization. By the sentencing hearing, he had had eight surgeries, was continuing to experience pain and burning, and was having problems at school.

Police interviewed appellant following his arrest on September 6, 2013. Appellant admitted he had been involved in two collisions on August 28, 2013, and had not stopped

---

[1] Undesignated statutory references are to the Penal Code.

or attempted to render aid. As to the first hit-and-run, appellant stated he wanted to apologize to Rocha for hitting his vehicle and fleeing the scene of the accident. When the detective told appellant he had struck a 10-year-old boy in the second collision, appellant said, "'I knew it. I knew it. I knew it.'" Appellant commented on the fact that the boy had been wearing a karate uniform and said he believed the collision "'was a bad dream.'"

## DISCUSSION

**The Trial Court's Reference to the Victim's Extensive Injuries in Sentencing Appellant to the Upper Term Does Not Warrant Reversal of Appellant's Sentence.**

**A.** *Procedural Background*

Pursuant to a negotiated plea agreement, appellant pleaded no contest to count 4, reckless driving causing injury, and admitted personally inflicting great bodily injury on the victim. (Veh. Code, § 23105, subd. (a); Pen. Code, § 12022.7, subd. (a).) The trial court dismissed the remaining charges in the interest of justice pursuant to Penal Code section 1385. Appellant agreed to serve three years in state prison, and the sentence on the great bodily injury enhancement would be suspended. Appellant stated he understood that in the absence of the plea, the maximum time on the reckless driving charge would be three years, plus an additional three years for the great bodily injury enhancement. Appellant also accepted that if he did not appear in court for the sentencing hearing, his plea would be treated as an open plea, and the court could sentence him to the maximum of six years in prison.

Appellant failed to appear at the sentencing hearing, scheduled for December 9, 2014. The court declared the agreement to be an open plea, and the People indicated it would seek the maximum sentence.

Thereafter, at the sentencing hearing on February 2, 2015, the trial court noted the numerous warnings to appellant that if he failed to appear for sentencing on December 9, the plea would become an open plea and appellant could be subject to an additional three-

3

year sentence on the great bodily injury enhancement, for a total sentence of six years. After hearing argument from counsel and statements from the boy's mother, appellant's brother, and appellant himself, the court announced it would "impose the full six-year sentence," "given the facts of the case, [appellant's] background, [and] promises he made." The court stated: "He made a deal. The deal was six [*sic*] years or an open plea if he didn't show up. And he pled to something that would potentially be a six-year sentence." Declaring that the aggravating factors clearly outweighed the mitigating factors, the court explained its reasons for imposing the upper term on the reckless driving count: "I think it's worth high term, not only because it was agreed to, but because there were two accidents here, including one involving a ten-year-old boy. And [appellant] left from both of those accidents." The court stressed that appellant "has taken essentially the latter part of this ten-year-old's childhood from him; eight surgeries and all the things that go along with that, including the problems at school. This is a lifetime of suffering that he's probably going to be dealing with." The court also asserted that appellant "knew he was impaired and yet he still left."

**B.** ***Any Error in the Trial Court's Reference to Factors Supporting the Great Bodily Injury Enhancement in Imposing the Upper Term Was Harmless.***

Appellant contends that the trial court's imposition of both the upper term and the great bodily injury enhancement constituted an improper dual use of facts in violation of section 1170, subdivision (b) and rule 4.420(c) of the California Rules of Court. While we disagree that the trial court's reference to the victim's extensive injuries in sentencing appellant to the upper term necessarily constituted a dual use of facts, we find any error was harmless in any event.

A violation of Vehicle Code section 23105, subdivision (a) is punishable by a term of imprisonment for 16 months, two, or three years. (Pen. Code, § 1170, subd. (h).) When a statute specifies three possible terms, "the choice of the appropriate term shall rest within the sound discretion of the court." (*Id.*, § 1170, subd. (b).) "In exercising his

4

or her discretion in selecting one of the three authorized prison terms referred to in section 1170(b), the sentencing judge may consider circumstances in aggravation or mitigation, and any other factor reasonably related to the sentencing decision. The relevant circumstances may be obtained from the case record, the probation officer's report, other reports and statements properly received, statements in aggravation or mitigation, and any evidence introduced at the sentencing hearing." (Cal. Rules of Court, rule 4.420(b).) A trial court's broad sentencing discretion is subject to review for abuse, which occurs when the sentencing decision is irrational or arbitrary, or the court "relies upon circumstances that are not relevant to the decision or that otherwise constitute an improper basis for decision." (*People v. Sandoval* (2007) 41 Cal.4th 825, 847; *People v. Carmony* (2004) 33 Cal.4th 367, 376–377.)

Section 1170, subdivision (b) prohibits the imposition of an upper term "by using the fact of any enhancement upon which sentence is imposed under any provision of law." (See also *People v. Scott* (1994) 9 Cal.4th 331, 350.) California Rules of Court, rule 4.420(c) further provides that "[t]o comply with section 1170(b), a fact charged and found as an enhancement may be used as a reason for imposing the upper term only if the court has discretion to strike the punishment for the enhancement and does so." (See also *Scott*, at p. 350.)

Here, the trial court's reference to the boy's suffering and emphasis on the grievous harm caused by appellant far exceeded any description of the injuries necessary to support the great bodily injury enhancement. To be sure, the enhancement requires that the victim suffered a "significant or substantial physical injury" beyond that inherent in the offense. (§ 12022.7, subd. (f); *People v. Escobar* (1992) 3 Cal.4th 740, 746.) But it is not necessary "that the victim suffer 'permanent,' 'prolonged' or 'protracted' disfigurement, impairment, or loss of bodily function" to establish the victim suffered great bodily injury within the meaning of the enhancement statute. (*Escobar*, at p. 750; *People v. Cross* (2008) 45 Cal.4th 58, 64.) Yet permanent, prolonged and protracted disfigurement, impairment and suffering were exactly the court's concerns when it stated

5

that appellant "has taken essentially the latter part of this ten-year-old's childhood from him; eight surgeries and all the things that go along with that, including the problems at school. This is a lifetime of suffering that he's probably going to be dealing with."

In any event, even if the court's reference to the boy's injuries constituted an improper dual use of facts in imposing the upper term and enhancement, we find no prejudice.

"'Improper dual use of the same fact for imposition of both an upper term and a consecutive term or other enhancement does not necessitate resentencing if "[i]t is not reasonably probable that a more favorable sentence would have been imposed in the absence of the error."'" [Citation.]" (*People v. Osband* (1996) 13 Cal.4th 622, 728.) A single proper aggravating circumstance will support the imposition of an upper term, even where the trial court has also articulated improper factors. (*Ibid.*; *People v. Steele* (2000) 83 Cal.App.4th 212, 226; *People v. Cruz* (1995) 38 Cal.App.4th 427, 433–434.) The aggravating circumstances which a court may consider to impose the upper term include the victim's particular vulnerability, that the crime involved great bodily harm "or other acts disclosing a high degree of cruelty, viciousness, or callousness," and that the defendant illegally interfered with the judicial process. (Cal. Rules of Court, rule 4.421(a)(3), (1) & (6).)

The trial court's remarks indicate it relied on all of these factors in imposing the upper term in this case. First, the court's statements regarding appellant's flight from the scene of two separate accidents only minutes apart, and particularly his failure to stop to render aid after hitting the boy justified imposition of the upper term based on "acts disclosing a high degree of . . . callousness." (See Cal. Rules of Court, rule 4.421(a)(1).) The court also emphasized the victim's vulnerability, repeatedly referring to the fact that the victim was a 10-year-old boy whose childhood had been taken away by appellant's criminal act. (Cal. Rules of Court, rule 4.421(a)(3); (*People v. Spencer* (1996) 51 Cal.App.4th 1208, 1223 ["Victim 'vulnerability' as an aggravating factor . . . means 'defenseless, unguarded, unprotected, accessible, assailable, one who is susceptible to the

6

defendant's criminal act'"].)  Finally, the court stressed appellant's failure to appear as ordered at the previous sentencing hearing, thus illegally interfering with the judicial process.  (Cal. Rules of Court, rule 4.421(a)(6).)

Because the trial court cited these proper reasons for imposing both the upper term and the great bodily injury enhancement in this case, any error stemming from the court's improper reliance on bodily injury factors to impose the upper term must be deemed harmless.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


LUI, J.

We concur:


CHANEY, Acting P. J.


JOHNSON, J.

7